## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DANIEL MONTES and
KRISTEN MONTES,

        Plaintiffs,

v.                                          No. CIV 22-0536 RB/JHR

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs Daniel and Kristen Montes purchased an insurance policy from Defendant State Farm Fire and Casualty Company to cover their home for losses due to hail, wind, and other events. While the policy was in effect, the property sustained wind and hail damage. State Farm acknowledged that a covered loss occurred and offered an amount that Plaintiffs allege significantly undervalues the damage. Plaintiffs filed suit against State Farm and assert claims for breach of contract, unfair insurance claim practices, and bad faith. State Farm now moves to bifurcate the contractual claim from the extracontractual claims and to stay discovery on the extracontractual claims pending a decision on damages. Having considered the parties' arguments and the relevant law, the Court will deny the motion.

### I.      Relevant Factual and Procedural Background

The Court recites the facts as outlined in the Complaint. (*See* Doc. 1-A (Compl.).) Plaintiffs reside in and own real property in New Mexico. (*Id.* ¶¶ 1, 8.) Their property is covered by an insurance policy from State Farm, and they timely paid all insurance premiums. (*Id.* ¶¶ 9–10.) On

May 31, 2021, while the policy was in effect, Plaintiffs' property sustained damage from wind and hail during a storm. (*Id.* ¶ 11.)

Plaintiffs opened a claim under the policy, and State Farm's adjuster inspected the property. (*Id.* ¶¶ 12, 14.) State Farm offered approximately $3,000 for the loss it assessed as attributable to the storm. (*Id.* ¶ 14.) State Farm's offer does not cover damage to the home's tile roof, which Plaintiffs allege sustained damage. (*See id.*) Plaintiffs disagreed with the assessment and "retained a licensed New Mexico public insurance adjuster to assist" them. (*Id.* ¶ 16.) Armed with their adjuster's investigation, which included photographs taken during the storm and statements from the roof system's manufacturer, "Plaintiffs presented [State Farm] with detailed estimates and explanations [to] establish[ that] the [p]roperty sustained no less than $46,000 in damages" from the wind and hail. (*See id.* ¶¶ 16–19.) State Farm has refused to pay the amount Plaintiffs believe they are entitled to recover. (*See id.* ¶ 21.)

On May 31, 2022, Plaintiffs filed suit in the Second Judicial District Court, and State Farm timely removed the lawsuit to this Court. (*See* Doc. 1.) Plaintiffs assert three claims: Count I: breach of contract; Count II: violations of the New Mexico Unfair Insurance Practices Act (NMUIPA), N.M. Stat. Ann. § 59A-16-1–30; and Count III: bad faith. (*See* Compl. ¶¶ 40–67.)

State Farm now moves to bifurcate and stay discovery on the NMUIPA and bad faith claims until after a jury has determined the value of the breach of contract claim. (Doc. 28 at 1.) Plaintiffs oppose. (Doc. 32.)

## II.   Legal Standard

A court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed. R. Civ. P. 42(b). Courts have "broad discretion in deciding whether to sever issues for trial[,] and the exercise of that discretion will be set aside only if clearly abused." *Easton*

*v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985) (citations omitted). "The bifurcation of issues is appropriate 'if such interests favor separation of issues and the issues are clearly separable.'" *Walker v. THI of N.M. at Hobbs Ctr.*, No. CIV 09-0060 JB/KBM, 2011 WL 2729195, at *2 (D.N.M. July 1, 2011) (quoting *Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003)). "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Id.* (citing *Mandeville v. Quinstar Corp.*, 109 F. App'x 191, 194 (10th Cir. 2004)). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Id.* (quoting *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)). "The party seeking bifurcation bears the burden of proving that it is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Cleo Invs., LLC v. State Farm Fire & Cas. Co.*, No. 1:22-CV-00320-KWR-LF, 2022 WL 17978838, at *2 (D.N.M. Dec. 28, 2022) (quotation marks and quotation omitted).

## III.   Analysis

State Farm advances two main arguments in support of its motion. It first contends that a decision on the breach of contract claim is required before any finding may be made on the NMUIPA or bad faith claims. (Doc. 28 at 2.) State Farm also asserts that adjudicating the three claims together will prejudice it. (*Id.* at 6.) The Court disagrees with both points.

### A.   **Plaintiffs need not prove their damages claim before litigating the extracontractual claims.**

State Farm believes that New Mexico law requires bifurcation and a determination of Plaintiffs' damages claim before there is any consideration of their extracontractual claims. (*See* Doc. 28 at 2.) It cites five cases in support: *Ortiz v. Safeco Ins. Co. of Am.*, 207 F. Supp. 3d 1216 (D.N.M. 2016); *Aragon v. Allstate Ins. Co.*, 185 F. Supp. 3d 1281 (D.N.M. 2016); *Hovet v. Allstate*

*Ins. Co.*, 89 P.3d 69 (N.M. 2004); *Burge v. Mid-Continent Cas. Co.*, 933 P.2d 210 (N.M. 1996); and *Baum v. Orosco*, 742 P.2d 1 (N.M. Ct. App. 1987). (*See* Doc. 28 at 2–5.) The first four cases involve claims related to automobile insurance policies and uninsured or underinsured motorist (UM/UIM) benefits. The fifth case, *Baum*, does not involve an insurance claim at all. None of the five are on point.

In *Ortiz* and *Aragon*, the plaintiff motorists brought claims against their insurance companies for UM/UIM benefits under their insurance policies and for bad faith. *See Ortiz*, 207 F. Supp. 3d at 1217; *Aragon*, 185 F. Supp. 3d at 1282. New Mexico law provides that a person seeking UM/UIM benefits must show that the tortfeasor was negligent and that the person's "damages exceed the tortfeasor's liability limits." *Ortiz*, 207 F. Supp. 3d at 1220–21 (quoting *Schmick v. State Farm Mut. Auto. Ins. Co.*, 704 P.2d 1092, 1098 (N.M. 1985)); *see also Aragon*, 185 F. Supp. 3d at 1283. Aside from the fact that *Ortiz* and *Aragon* involve automobile policies, there are two critical differences between them and the circumstances before the undersigned. First, the plaintiffs and the defendant insurance companies disagreed about whether the plaintiffs were entitled to UM/UIM coverage at all. *See Ortiz*, 207 F. Supp. 3d at 1217; *Aragon*, 185 F. Supp. 3d at 1282. Second, the bad faith claims involved only the "dispute over the value of" the UM/UIM claims; neither involved allegations that the insurer failed to properly investigate the claims, delayed notifying the insureds about the claims, or otherwise breached a duty to deal fairly with the insureds. *See Ortiz*, 207 F. Supp. 3d at 1220 (discussing this point as it applies to both *Ortiz* and *Aragon*). These two differences make *Ortiz* and *Aragon* inapposite here, where the parties agree that Plaintiffs' home suffered storm damages (disagreeing only as to the extent of those damages), and where Plaintiffs' bad faith claim involves allegations regarding State Farm's investigation and handling of their claim and breaches of the duties it owed to Plaintiffs.

*Hovet* is similarly inapplicable. There, the New Mexico Supreme Court held that a third-party claimant seeking UM/UIM benefits may not sue an insurance company under N.M. Stat. Ann. § 59A-16-20(E) of the NMUIPA for unfair settlement practices "unless and until" the third-party claimant has received "a judicial determination of the insured's fault and the amount of damages" to which the claimant is entitled. *Hovet*, 89 P.3d at 76–77. The *Hovet* court opined that to limit confusion and prejudice to the insurer, "a third-party claimant may not sue both the insured and the insurer in the same lawsuit." *Id.* at 76. State Farm fails to show how this reasoning is applicable here, where Plaintiffs are suing not only for unfair settlement practices, but also for bad faith in handling the investigation of their first-party insurance claim.

In *Burge*, the New Mexico Supreme Court examined "whether an automobile liability insurance carrier providing uninsured motorist coverage is bound by a default judgment rendered against the uninsured motorist in a separate suit." 933 P.2d at 211–12. State Farm fails to show how *Burge* applies in this context. (*See* Doc. 28 at 4.) Finally, State Farm cites *Baum* for the proposition that "[t]he resolution of Plaintiffs' value claim may potentially render [their] bad faith claims moot." (*Id.* at 5 (citing *Baum*, 742 P.2d at 4).) Yet *Baum*, a lawsuit brought to recover for personal injuries and battery, offers no guidance here. *See* 742 P.2d at 2.

State Farm unsuccessfully made similar arguments recently in *Fort Marcy Compound Condo. Ass'n v. State Farm Fire & Casualty Co.*, No. CV 21-489 JFR/SCY, 2022 WL 102452 (D.N.M. Jan. 11, 2022). The circumstances in *Fort Marcy* are strikingly similar to those here. The plaintiff, "a condominium owners' association responsible for insuring, maintaining and repairing" a condominium complex, filed a claim with its insurance company, State Farm, after the condominium complex sustained damage in a wind and hailstorm. *Id.* at *1. State Farm agreed that there was storm damage, but the parties disagreed about the value of the claim. *Id.* The plaintiff

brought suit against State Farm for breach of contract, bad faith, and violations of the NMUIPA. *Id.* State Farm moved to bifurcate and stay, relying on *Ortiz* and *Aragon* in support. *See id.* at *1–2. United States Magistrate Judge John F. Robbenhaar found State Farm's reliance on UM/UIM caselaw unavailing, as there was "no issue of underlying tortfeasor liability to establish" and because "in New Mexico, a bad faith claim does not require the resolution of an underlying dispute regarding coverage or the amount of a claim." *Id.* at *3 (citing *Willis v. Gov't Emp'ees Ins. Co.*, Civ. No. 13-280 KG/KK, 2015 WL 11181339, at *3 (D.N.M. June 17, 2015)). "New Mexico courts have held that 'an insurer acts in bad faith when it denies a first party claim for reasons that are frivolous or unfounded[,]'" "when [it] refuses to settle 'based on a dishonest judgment[,]'" or "'for reasons other than its refusal to pay' a claim in full." *Id.* (quoting *Willis*, 2015 WL 11181339, at *3); *see also Cleo Investments*, 2022 WL 17978838, at *2 (finding, in a similar case, that "[r]esolution of the contract claim in State Farm's favor is not necessarily determinative of the extracontractual claims") (citing *Willis*, 2015 WL 11181338, at *3).

In sum, the Court finds that State Farm has failed to demonstrate that a resolution of Plaintiffs' contract claim is a prerequisite to resolution of Plaintiffs' extracontractual claims.

**B.  State Farm fails to show it will be prejudiced without bifurcation.**

State Farm argues that trying the three claims together "will only serve to confuse the jury and prejudice State Farm." (Doc. 28 at 6.) State Farm advanced the same argument in both *Fort Marcy* and *Cleo Investments* to no avail. In both cases, the court noted that "[b]ifurcation under Rule 42(d) is inappropriate where the evidence to be presented against the parties is inextricably linked." *Fort Marcy*, 2022 WL 102452, at *4 (citing *Buccheri v. GEICO Ins. Co.*, 1:17-cv-0490 LF/KK, 2017 WL 3575486, at *4 (D.N.M. Aug. 17, 2017)); *see also Cleo Invs.*, 2022 WL 17978838, at *3. As it did in *Fort Marcy* and *Cleo Investments*, State Farm argues here that the

evidence on Plaintiffs' claimed property damages is unrelated to evidence on how it evaluated and investigated the claim. (*See* Doc. 28 at 6.) *See also Fort Marcy*, 2022 WL 102452, at *4; *Cleo Invs.*, 2022 WL 17978838, at *3. Yet "relevant to both issues is the amount of Plaintiff[s'] damages (the central issue in Plaintiff[s'] contractual claim) and whether [State Farm's] assessment of Plaintiff[s'] damages constituted bad faith (one of the issues in Plaintiff[s'] extra-contractual claims)." *See Fort Marcy*, 2022 WL 102452, at *4; *see also Cleo Invs.*, 2022 WL 17978838, at *3 (finding that "how State Farm determined the extent and value of the [contractual] damages . . . is inextricably intertwined with its claims handling procedures and policies"). Thus, the issues are linked.

"Further, presenting the coverage claim would entail presenting evidence regarding the formation of the contract, the parties' intent at the time of the contract, and the terms of the contract." *Fort Marcy*, 2022 WL 102452, at *4 (citing *Huss v. Am. Family Ins. Co.*, Nos. 13cv330 WJ/RHS, 13cv334 WJ/RHS, 2014 WL 12465421, at *3 (D.N.M. Jan. 10, 2014). "This [breach of contract] evidence is also relevant to the unfair trade practices and bad faith claims." *Id.* (quoting *Huss*, 2014 WL 12465421, at *3). Bifurcation of these issues would result in a needless waste of judicial time and resources. *See Cleo Invs.*, 2022 WL 17978838, at *4 (noting that because the same individuals will be involved in discovery for the contractual and extracontractual claims, "bifurcation would not only multiply discovery, but also, would multiply trial appearances"). The better course is to proceed simultaneously on all claims. Should State Farm have concerns about proprietary or privileged information, it may raise them through discovery motions as appropriate and request a confidentiality order. *See Fort Marcy*, 2022 WL 102452, at *4.

Finally, the Court finds State Farm's concerns regarding jury confusion to be meritless. "Jurors are often asked to comprehend issues in civil litigation that are considerably more complex

than the issues in this case." *Id.* (quoting *Willis*, 2015 WL 11181339, at *4). "Sufficiently clear jury instructions, including limiting instructions, and clear arguments by counsel will enable jurors to understand the different sets of issues presented and thereby, avoid any confusion or prejudice." *Id.* (quoting *Willis*, 2015 WL 11181339, at *4).

## IV.    Conclusion

The Court finds that State Fam has not met its burden to show that bifurcation is proper. Rather, the more expedient and prudent course is to proceed on all Plaintiffs' claims.

**THEREFORE,**

**IT IS ORDERED** that State Farm's Motion to Bifurcate and Stay (Doc. 28) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE